**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**LYNDA LYNK,**

      **Plaintiff,**          **CIVIL ACTION NO. 07-CV-14772**

 VS.                      **DISTRICT JUDGE DAVID M. LAWSON**

**CHASE HOME FINANCE,**    **MAGISTRATE JUDGE MONA K. MAJZOUB**
**LLC,**
      **Defendant.**

                               /

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION (DOCKET NO. 14),
STRIKING PLAINTIFF'S ANSWER TO DEFENDANT'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION AND PLAINTIFF'S COUNTER-MOTION TO ALLOW LATE FILING OF RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSIONS (DOCKET NO. 17) AND
STRIKING DEFENDANT'S OBJECTION TO PLAINTIFF'S "COUNTER-MOTION" TO ALLOW LATE FILING OF RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSIONS (DOCKET NO. 20)**

This matter comes before the Court on Defendant's Motion to Compel Responses to Interrogatories and Requests for Production filed on August 26, 2008. (Docket no. 14). Plaintiff filed an Answer to Defendant's Motion to Compel Responses to Interrogatories And Requests For Production And Plaintiff's Counter-Motion To Allow Late Filing Of Responses To Defendant's Requests For Admissions on September 19, 2008. (Docket no. 17). Defendant filed an Objection To Plaintiff's "Counter-Motion" To Allow Late Filing Of Responses To Defendant's Requests For Admissions on October 16, 2008. (Docket no. 20). The parties filed a Joint Statement Of Resolved And Unresolved Issues on October 17, 2008. (Docket no. 21). The matter has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 15). The Court scheduled oral argument on this motion for October 22, 2008 and provided notice to the parties.

(Docket no. 16). Plaintiff's counsel's office called the undersigned's clerk at approximately 12:40 p.m. on the date of the hearing to inquire whether the hearing was going forward and requesting that the hearing be moved to a different date. The clerk informed Plaintiff's counsel's office that the hearing was going to be held on October 22, 2008, the date noticed, however the Court was willing to re-schedule the hearing for a later time at Plaintiff's counsel's convenience. Plaintiff's counsel opted to waive her appearance for the hearing. The Court heard oral argument from Defendant's counsel. The matter is now ready for ruling.

Defendant shows that it served Requests for Production, Interrogatories and Requests for Admission on Plaintiff on June 27, 2008. (Docket no. 14-3). Plaintiff's Responses and Answers were due July 30, 2008. *See* Fed. R. Civ. P. 33, 34, 36; E.D. Mich. LR 6.1(b). Defendant shows that its counsel sent to Plaintiff's counsel a series of emails and faxes which discussed when discovery responses would be due, seeking the status of the responses, asking Plaintiff's counsel to contact Defendant's counsel regarding the status of the responses, and finally, seeking concurrence in a motion to compel. (Docket no. 14, Exs. 2, 3, 4, 5). On August 5, 2008, Plaintiff requested a two week extension to answer the discovery requests. (Docket no. 14, Ex. 6). Defendant declined to agree to the extension because it would have extended discovery after the first motion cut-off date. (Docket no. 14, Ex. 6).

On August 18, 2008 Plaintiff sent unsigned discovery responses to Defendant via an email which stated that Plaintiff's counsel "should" be able to get the documents to Defendant by Friday, August 22, 2008. (Docket no. 14-10). On Monday, August 25, 2008, Plaintiff's counsel advised Defendant's counsel that he would have to wait to get the "couple" of pages of remaining documents and she did not think that Defendant's counsel would be "prejudiced or even inconvenienced by

2

waiting 'til Weds or Thurs" when her paralegal was back in the office because Plaintiff's deposition was three weeks away and Defendant already had the answers to the discovery. (Docket no. 14-13, email dated August 25, 2008).

Plaintiff's responses to Defendant's discovery requests were finally sent on August 18, 2008, long after their July 30, 2008 due date, yet all three sets are dated July 18, 2008. Plaintiff's Answers to Defendant's Requests for Production are unsigned. (Docket no. 14-10). Plaintiff's Response to Defendant's Requests for Admission are electronically signed by Plaintiff's counsel. (Docket no. 14-10). Plaintiff's Answers to Defendant's Interrogatories are unsigned by both Plaintiff and her counsel. (Docket no. 14-10).

Defendant filed its Motion to Compel on August 26, 2008. Defendant states that it does not seek to compel answers to its Requests for Admission because Plaintiff failed to serve answers within 30 days and they are, therefore, deemed admitted[1]. Fed. R. Civ. P. 36(a)(3). The remaining unresolved issues in the Joint Statement of Resolved and Unresolved Issues are Defendant's Request for Production Nos. 1, 2, 6, 9 and 14, Plaintiff's failure to provide signed answers to Interrogatories and Plaintiff's Counter-Motion for an extension of time to serve answers to Defendant's Requests for Admission. (Docket no. 21). The discovery cut off date in this matter was September 30, 2008 and the dispositive motion cut off date is October 15, 2008. (Docket no. 13).

**Docket Nos. 17 and 20 Will Be Stricken**

---

[1]Defendant in its Motion to Compel did not move the Court to deem the Requests for Admission admitted.

On September 19, 2008 Plaintiff filed a document titled Answer To Defendant's Motion To Compel Responses To Interrogatories And Requests For Production And Plaintiff's Counter-Motion To Allow Late Filing Of Answers To Defendant's Requests for Admissions. (Docket no. 17). The Electronic Filing Policies and Procedures of the Eastern District of Michigan, Rule 5(e) state that " . . . a response . . . to a motion must not be combined with a counter-motion. Papers filed in violation of this rule will be stricken." E.D. Mich. LR ECF R5. The Court will strike this document. (Docket no. 17). On October 16, 2008 Defendant filed an Objection to Plaintiff's "Counter-Motion" To Allow Late Filing Of Responses To Defendant's Requests For Admissions. (Docket no. 20). Defendant's Objection was filed more than 7 days after Plaintiff's Answer and Counter-Motion, it is therefore untimely as a Reply Brief. E.D.Mich. LR 7.1. It is also untimely as a Response to Plaintiff's Counter-Motion, because it was filed more than 14 days after Plaintiff's Counter-Motion was served. Defendant's Objection (docket no. 20) will also be stricken from the docket.

**Defendant's Motion To Compel**

Defendant served 16 Interrogatories, 32 Requests for Production and 8 Requests for Admission on Plaintiff. (Docket no. 14-3). Defendant seeks to compel signed answers to the Interrogatories and complete productions in response to Requests for Production Nos. 1, 2, 6, 9 and 14. Pursuant to Fed. R. Civ. P. 33 and 34 Plaintiff's responses to Defendant's Interrogatories and Requests to Produce were due within 30 days after service of the discovery request. Plaintiff argues Defendant has not prejudiced by the delays in the discovery matters and Plaintiff has provided all documents within her possession, custody or control. (Docket nos. 14-13, 21).

Plaintiff provided tardy, unsigned answers to Interrogatories. Defendant's Interrogatories are relevant to the claims and defenses in this action. Fed. R. Civ. P. 26(b)(1). The Court will order

4

Plaintiff to serve complete answers to Interrogatories, signed by Plaintiff with objections signed by Plaintiff's counsel in compliance with Fed. R. Civ. P. 33(b).

With respect to the Requests for Production, Defendant argues that during Plaintiff's deposition it appeared that Plaintiff had not searched for and/or produced all of her responsive documents. (Docket no. 21 at pg. 2 of 7). Defendant provided a copy of Plaintiff's deposition transcript to the Court. (Docket no. 21 n. 1). The Court reviewed the relevant portions of the deposition transcript and agrees that in some instances Plaintiff's deposition leaves open the question of whether Plaintiff has searched for all responsive documents in her possession, custody or control. *See* Lynk Dep. at 35, 43; Fed. R. Civ. P. 34(a)(1).

Request for Production No. 1 asks for all credit reports concerning Ms. Lynk. Request for Production No. 2 asks for all documents concerning or related to Ms. Lynk's credit history. In response to each of the Requests for Production Nos. 1 and 2 Plaintiff directs Defendant to "see attached" documents and/or credit reports "in Plaintiff's possession." (Docket no. 14-10). In further response, Plaintiff references her agreement to comply with authorizations for Defendant to obtain additional documents. Defendant argues that at Plaintiff's deposition, Plaintiff referenced a document related to attempts to access her credit report. Defendant did not receive a copy of this document. *See* Lynk Dep. at 43. This document is relevant to the claims and defenses in this action and it is responsive to Request for Production No. 2 because it relates to Plaintiff's attempt to access her credit history and credit reports.

Request for Production No. 6 asks for "[a]ll documents that concern or relate [to] an entity's rejection, if any, of Ms. Lynk's attempt to refinance the Note." Request for Production No. 14 asks for "[a]ll correspondence with any and all entities concerning Ms. Lynk's attempts to refinance the

5

Note." Plaintiff's responses to Requests for Production Nos. 6 and 14 direct Defendant to "see attached" documents. (Docket no. 14-10). In further Response to Request No. 6 Plaintiff agrees to comply with requests for authorizations so Defendant can obtain "additional documents," and in further Response to Request No. 14, Plaintiff states that she does not have any documentation with "respect to many of her attempts to refinance her because as soon as the agencies saw the bankruptcy notation from Chase on her credit report they told her they could not finance her." Defendant argues that at Plaintiff's deposition she stated that she received documents from lenders in attempting to refinance her Note and stated that "If I had [rejection letters] I wouldn't even know where to begin to look." *See* Lynk Dep. p. 35.

Request for Production No. 9 asks for "Copies of the new note and related mortgage that was obtained by Ms. Lynk after she refinanced the Note." Plaintiff's response states "See attached." (Docket no. 14-10). Defendant argues that it never received any of the documents responsive to Request for Production No. 9 despite the fact that Plaintiff admitted in her deposition that she was sure she had the documents.

Defendant's Requests for Production are relevant to the claims and defenses in this action. The Court will order Plaintiff to produce all responsive documents to Requests for Production Nos. 1, 2, 6, 9 and 14 in her possession, custody or control without objection or amend her answer to indicate that she does not have responsive documents and indicate specifically what steps she took to look for responsive documents including where she looked and the date of the search. To the extent that Plaintiff has already provided documents responsive to Request for Production Nos. 1, 2, 6, 9 and 14, Plaintiff must identify these documents in the amended responses. The Court will therefore grant Defendant's Motion to Compel and order Plaintiff to respond by November 12, 2008.

**IT IS THEREFORE ORDERED** that Plaintiff's Answer to Defendant's Motion To Compel Responses To Interrogatories And Requests For Production And Plaintiff's Counter-Motion To Allow Late Filing of Responses To Defendant's Requests For Admission (docket no. 17) and Defendant's Objection To Plaintiff's "Counter-Motion" To Allow Late Filing Of Responses To Defendant's Requests For Admissions (docket no. 20) are stricken from the docket.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel Responses To Interrogatories And Requests For Production (docket no. 14) is **GRANTED** and by 5:00 p.m. on Wednesday, November 12, 2008, Plaintiff must serve signed, complete answers to interrogatories without objections and produce without objection all documents responsive to Requests for Production Nos. 1, 2, 6, 9 and 14 that are in her possession, custody or control or amend her response to indicate, for each Request, that she does not have responsive documents and specifically indicate what steps she took to search for responsive documents including where she searched and the date of the search. To the extent that Plaintiff has already provided documents responsive to Request for Production Nos. 1, 2, 6, 9 and 14, Plaintiff must identify these documents in the amended responses.

**IT IS FURTHER ORDERED** that Plaintiff's Counsel will update their address on the Court's Docket in this matter on or before 5:00 p.m., Wednesday, November 12, 2008.

**FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN SANCTIONS PURSUANT TO FED. R. CIV. P. 37(b).**

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: November 3, 2008　　　　　　　　s/ Mona K. Majzoub
　　　　　　　　　　　　　　　　　　　MONA K. MAJZOUB
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: November 3, 2008　　　　　　　　s/Lisa C. Bartlett
　　　　　　　　　　　　　　　　　　　Courtroom Deputy