UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNDA LYNK,

        Plaintiff,        Case No. 07-14772
                                  Honorable David M. Lawson

v.

CHASE HOME FINANCE, LLC,

        Defendant.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR RECONSIDERATION, CLARIFYING PRIOR OPINION AND ORDER, AND ORDERING RESPONSE TO MOTION

The Court previously filed an opinion and order granting in part and denying in part the defendant's motion for summary judgment and dismissing all counts of the second amended complaint except for part of count I, which pleads a claim under the Michigan Collection Practices Act (MCPA), Mich. Comp. Laws § 445.251, *et seq.* The mandatory terms of the Court's order called for a dismissal of "the allegation in paragraph 22(a) and counts II through IV of the second amended complaint." Op. at 26. In her second amended complaint, the plaintiff alleged that the defendant violated the MCPA by:

> a) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication or not revealing the purpose of a communication when it is made in connection with collecting a debt;
>
> b) misrepresenting in a communication with a Debtor the legal rights of the debtor, and
>
> c) using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engage a person in a telephone conversation repeatedly, continuously, or at unusual times or places.

Second Am. Compl. ¶ 22.

In its motion for summary judgment, the defendant argued that the plaintiff's claim based on the MCPA was preempted by section 1681t(b)(1)(F) of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681t(b)(1)(F). The Court previously rejected that argument in part because the FCRA primarily regulated creditors' dealings with credit reporting agencies, and the MCPA regulated practices by creditors visited upon debtors from whom the creditors endeavored to collect a debt. Because the two pieces of legislation dealt with different areas, the Court found that the plaintiff's claim under the MPCA challenging the defendant's conduct with her was not preempted by section 1681t(b)(1)(F) of the FCRA.

The Court read paragraph 22(a) of the second amended complaint – alleging "an inaccurate, misleading, untrue, or deceptive statement" – as referring to a previous allegation in the complaint that the defendant falsely reported to a credit agency that the plaintiff had filed for bankruptcy protection, and the Court concluded that the claim in that paragraph was preempted by 15 U.S.C. § 1681h(e) "because there is no allegation that the report was made with malice or willful intent to injure Ms. Lynk," Op. at 15, which section 1681h(e) requires. Consistent with the observation that the MCPA did not regulate communications between creditors and credit reporting agencies, the Court held: "In this case, if any false communications occurred, they occurred between the creditor and TransUnion, a credit reporting agency. Although those communications are covered by the FCRA, they are not addressed by the MCPA. Therefore, the plaintiff's claim based on Mich. Comp. Laws § 445.252(2)(f) fails as a matter of law."

In its motion for reconsideration, the defendant argues that paragraph 22(b) of the second amended complaint likewise is based on Mich. Comp. Laws § 445.252(f), and therefore it too should be dismissed. However, the plaintiff has asserted an additional theory: that a Chase representative

-2-

misled her about her right or obligation to contact the credit reporting agency concerning the erroneous report of a bankruptcy. *See* Second Am. Compl. ¶¶ 12-13. Those allegations plainly refer to communications between a creditor (the defendant) and a debtor (the plaintiff), and therefore the rationale for dismissing paragraph 22(a) would not apply to paragraph 22(b). In fact, the argument points out the Court's too-narrow reading of paragraph 22(a) as referring only to the communication between Chase and the credit reporting agency. That paragraph also can be read to refer to Chase's alleged communication with the plaintiff about her right to seek correction of the record with the credit reporting agency. Therefore, the Court's prior order requires modification to clarify that paragraph 22(a) is dismissed only insofar as it refers to the alleged false report of bankruptcy to TransUnion Credit Bureau.

The defendant also argues that there is no evidence that a Chase representative misled the plaintiff about her rights to seek a correction with the credit reporting agency, noting that in her deposition, the plaintiff ascribed her failure to contact TransUnion to simply not knowing how to do that. The defendant contends that the allegation in the complaint therefore is inconsistent with the plaintiff's deposition testimony and should be disregarded. The discrepancy between Lynk's deposition testimony and the allegations in her amended complaint implicates considerations that are analogous to those involved in the sham affidavit doctrine. Under that doctrine, if the affidavit directly contradicts prior deposition testimony, it should be stricken unless the party opposing summary judgment provides a persuasive justification for the contradiction. *Aerel, S.R.L. v. PCC Airfoils, LLC*, 448 F.3d 899, 908 (6th Cir. 2006). "If, on the other hand, there is no direct contradiction, then the district court should not strike or disregard that affidavit unless the court determines that the affidavit 'constitutes an attempt to create a sham fact issue.'" *Ibid*. (citing *Franks*

*v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986) and *Miller v. A.H. Robins Co.*, 766 F.2d 1102, 1104 (7th Cir. 1985)). "Factors relevant to the existence of a sham fact issue include whether the affiant was cross-examined during his earlier testimony, whether the affiant had access to the pertinent evidence at the time of his earlier testimony, and whether the earlier testimony reflects confusion that the affidavit attempts to explain. *Franks*, 796 F.2d at 1237 (citations omitted). These factors were adopted by the Sixth Circuit in *Aerel, S.R.L.*, 448 F.3d at 908-09.

> The plaintiff's deposition testimony on this point is as follows:
>
> Q. Why didn't you send a letter to the credit bureaus if it was your belief that the bankruptcy notation was inaccurate?
> A. Because I didn't know that you send letters to credit, you know, bureaus. All I knew is that when I tried to get in touch with them in the past, all I got was recordings. That's why I went to a credit repair agency at that time, because I figure, you know, this is like a place that's unaccessible to the general public, you have to be a company or you have to, you know, somebody to get through, you know, the recordings. It's everyday people can't just walk up and say, you know – I had no clue about – you know, I had no clue as to how to get in touch with them.
> . . .
> I didn't even know who to contact. The only time I ever contacted a credit reporting agency in the past, I got recordings, and I figured it was up to Chase to take it off, because who would they believe, me or Chase. I had no clue how to deal with a credit reporting agency.

Lynk Dep. at 108, 80, Ex. 1, Def.'s Response to Pl.'s Mot. [dkt # 39].

The Court does not find this testimony directly to contradict the allegation in the second amended complaint. The plaintiff could have been ignorant of the means to contact a credit reporting agency and also have been misled by the defendant's representative. However, there is no evidence in the record (other than the allegation in the second amended complaint) that a Chase representative actually gave the plaintiff false information about contacting a credit reporting agency. Chase, on the other hand, filed the declaration of Thomas E. Reardon, Assistant Vice President of JP Morgan Chase Bank, N.A. stating that Lynk was advised that she would have to

dispute any alleged inaccurate information with the agency that was reporting the information. Reardon Decl. ¶ 18.

Under well-established summary judgment standards, once a party moving for summary judgment designates in the record a fact on which there is no dispute, the party opposing the motion must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The plaintiff has not made such a record in this case. In fairness, the issue relating to the alleged misleading statements of a Chase representative was raised for the first time in the second amended complaint, which the Court had not yet allowed when the summary judgment briefing was underway. Therefore, the Court will allow the plaintiff an opportunity to respond to this aspect of the defendant's motion for summary judgment.

Accordingly, it is **ORDERED** that the defendant's motion for reconsideration [dkt #46] is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that the portion of this Court's previous order dismissing the allegation in paragraph 22(a) of the second amended complaint is **VACATED**.

It is further **ORDERED** that paragraph 22(a) of the second amended complaint is **DISMISSED** only insofar as the allegations refer to communications by the defendant with persons other than the plaintiff.

It is further **ORDERED** that the plaintiff must respond to the defendant's motion for reconsideration with evidentiary material as allowed by Federal Rule of Civil Procedure 56(e) in support of the allegations in paragraphs 12, 13, 22(a), and 22(b) **on or before September 3, 2009**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   August 14, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 14, 2009.

s/Lisa M. Ware
LISA M. WARE

---