UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNDA LYNK,

               Plaintiff,               Case No. 07-14772
                                                                Honorable David M. Lawson

v.

CHASE HOME FINANCE, LLC,

               Defendant.
_____/

## ORDER DISMISSING THE CASE

On November 4, 2009, the Court held a final pretrial conference in the case. Although this date for the final pretrial conference had been scheduled and docketed on September 21, 2009, and had been discussed in the plaintiff's presence in open court during the hearing on Rita Young's motion to withdraw, the plaintiff failed to appear for the conference. According to the defendant, the plaintiff ignored defense counsel's multiple requests for cooperation in preparing a joint final pretrial order and did not return any of his telephone calls.

As of September 21, 2009, when the plaintiff's last attorney (Rita Young) withdrew from the case, the plaintiff was proceeding *pro se*. However, in an effort to allow the plaintiff time to retain new counsel, the Court stayed the proceedings until October 14, 2009. The Court explained to the plaintiff that even if she did not succeed in finding counsel by then, the Court would not dismiss her case, but it would proceed to trial on the sole remaining count, and the plaintiff would have to comply with the established procedures for prosecuting her action on her own. At the conclusion of the hearing on Ms. Young's motion to withdraw held on September 21, 2009, the Court announced the deadline for submission of a final pretrial order and the date of the final pretrial conference. The plaintiff indicated that she was not interested in the outcome of the remaining

claim; instead, she "was hoping to go directly to appeal on all counts instead of going to court on the minor . . . count." Transcript of the Sept. 21, 2009 Hr'g, at 7. Perhaps consistent with this position, the plaintiff never requested to adjourn any of the approaching deadlines in the case, although she was in frequent contact with the Court throughout the period preceding the final pretrial conference. Nonetheless, it appears from the record that the plaintiff failed to comply with several disclosure deadlines and ignored the guidelines for preparing the proposed joint final pretrial order.

Under these circumstances, the plaintiff's repeated failure to comply with the Court's deadlines and to appear for the final pretrial conference demonstrates "a conscious choice by plaintiff[] to suffer the consequence of dismissal rather than to proceed to trial in the posture of the case as it then stood." *Hughley v. Eaton Corp.*, 572 F.2d 556, 557 (6th Cir. 1978). The Court believes that the plaintiff's failure to move forward with her case from the time all but one of her claims were dismissed on July 29, 2009 through the final pretrial conference on November 4, 2009 warrants dismissal under Rule 41(b). *See Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 356, 364-65 (6th Cir. 1999); *see also Coston v. Detroit Edison Co.*, 789 F.2d 377, 379 (6th Cir. 1986). The defendant in this case is entitled to some finality after significant delay caused by the plaintiff's dilatory tactics. Unlike the plaintiff, the defendant has complied with all the deadlines in the case and should be spared further expense where the plaintiff does not appear interested in continuing with her litigation.

The defendant had filed a motion to dismiss on the ground that the plaintiff did not comply with the Court-ordered deadlines. However, the Court did not hear the defendant's motion to dismiss on November 4, 2009, as scheduled, because it felt that the notice of the hearing given to the plaintiff was not sufficient.

Accordingly, it is **ORDERED** that the plaintiff's case is **DISMISSED** with prejudice.

It is further **ORDERED** that the defendant's motion to dismiss [dkt. # 60] is **DISMISSED as moot**.

                                s/David M. Lawson
                                DAVID M. LAWSON
                                United States District Judge

Dated:   November 6, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 6, 2009.

                          s/Teresa Scott-Feijoo
                          TERESA SCOTT-FEIJOO